*1092
 
 ROGERS, Justice.
 

 Christophe Diez, Sr., died intestate on December 29, 1934. His succession and that of his predeceased wife, Hermite Boudreaux, was opened on January 15, 1937. Diez was married twice; first, on February 25, 1878, to Eugenie Guedry, who died on March 26, 1886, leaving four children as issue of the marriage. On June 8, 1887, Diez married Hermite Boudreaux, who died on September 22, 1923. Of this marriage eight children were born. On December 30, 1884, during the existence of his first marriage, Diez purchased from his father-in-law, Jean Guedry, certain improvements on a thirty-five acre tract of land on which he lived until the date of his death.
 

 By notarial act dated May 21, 1904, Diez conveyed’ four tracts of land to the children of his first' marriage. To Elie Diez and Christophe Diez, Jr., he conveyed forty acres for both, and to Moise Diez and Eline Diez' (Mrs. Wilfred Laurent) he conveyed, eleven acres to each. The act of conveyance was duly recorded in the office of the' Clerk of Court on May 28, 1.904.
 

 The'children of the second marriage filed a petition in the succession proceeding attacking the notarial act executed by their father on May 21, 1904, alleging that the “conveyance was a donation pure and simple and made without cause or benefit accruing to the transferor.” They alleged further-that “no rights accrued to the heirs .of Eugenie Guedry, since the marriage was dissolved by her death in 1886,” prior to the issuance of letters patent by the United States Government. They prayed that the children of the first marriage be required to collate, in kind or in money, the several tracts of land acquired by them under “the act of donation of May 21, 1904.”
 

 .Answering the petition, the children of the first marriage alleged that the notarial act of 1904 was valid and based upon an adequate consideration. They alleged further that at the date of the death of their mother, Eugenie Guedry, the value of the property of the matrimonial community existing between their father and mother was more than $2000. They alleged that they had been in uninterrupted and peaceful possession of the tracts of land conveyed to them since their acquisition thereof in 1904, and that they had regularly paid all taxes assessed against the property. They prayed that the notarial act of May 21, 1904, be decreed to be a valid deed translative of property and that they be recognized as the true and lawful owners of the property. Alleging that in 1917 he purchased the tract of land conveyed by his father, to Eline Diez, and that he had been in open possession thereof since the date of his purchase, Moise Diez pleaded the prescription of ten years acquirendi causa'.
 

 The case went to trial in the district court on the issues as thus made up by the pleadings and resulted in a judgment rejecting the demand of the children of the second marriage. The judgment further
 
 *1094
 
 decreed the notarial act executed on May 21, 1904, to be a valid act of transfer for an adequate consideration and recognized the four children of the first marriage to be the lawful owners of the tracts of land acquired by them respectively under the notarial act. The children of the second marriage are appealing from the judgment.
 

 • On the trial of the case in the district court the parties agreed on the 'dates of the two marriages of Christophe Diez, Sr., the dates of the deaths of his two wives, the dates of the births of his four children by the first marriage, and of the eight children by his second marriage; the date .of the death of one of the children of the second marriage and the heirship of his two minor children; and the dates- of the patents evidencing acquisition by Diez of property from the United States Government. After this agreement was entered in the record, the plaintiffs, children of the second marriage, offered in evidence all the pleadings in the case, together with a certified copy o.f the notarial act of conveyance executed on May 21, 1904, and then rested.
 

 The plaintiffs took the position in the district court, and also take the position here, that the notarial, act of May 21, 1904, is, on its face, a donation pure and simple and should be set aside, and that the children of the first marriage should be required to collate, in kind or in money, the property described in the notarial act.
 

 The notarial act, which is under attack herein, contains the declaration of Christophe Diez, Sr.:
 

 “That he has been twice married; that his first wife was Eugenie Guedry, deceased; that upon her death she left the following children, issue of said marriage, to-wit: Mrs. Eline Laurent, now wife of Wilfred Laurent of the City of New Orleans, herein represented by -, her attorney in fact by virtue of the power annexed, Elie Diez,. Christophe Diez, Jr., and Moise Diez, the latter an emancipated minor; that by a second marriage he has several minor children, that he desires to settle all matters of his first wife’s succession with said children; that during the life of his first wife he made settlement with a view to acquisition thereof on Lots 1, 2, 3, 9, and 10, in Section 25 T. 9 R. 2 E. situated in this Parish of Ascension for which he obtained patents from the United States Government later; that in order to settle the hereditary rights of his said children and discharge them and to repay to his two children, Elie and Christophe, who for years have aided, worked for and assisted him, he makes to them the following transfers of property, to wit.” (Then follows the description of the property.)
 

 The judge of the district court ruled there was nothing in plaintiffs’ contention to justify him in declaring the notarial act to be a donation. The ruling is clearly correct.
 

 The instrument is not a donation in terms nor does its language import a donation. It is a dation on paiement purely and simply, and its character as such is amply supported by the evidence offered by defendants over plaintiffs’ unsuccessful objection. As shown by the recitals of
 
 *1096
 
 the notarial act, the property described in the instrument was transferred by Diez to his four children in settlement of the rights inherited by them from their mother, Mrs. Eugenie Guedry Diez, and. to compensate two of the children for services which they had rendered to him. Unquestionably, a father owing his children for rights inherited from their mother can, by transferring property, settle with them for their rights. Likewise, it is proper for a parent to compensate his children for services they may have rendered to him. This is what Diez actually accomplished by executing the notarial act. All the parties to the act agreed that the property conveyed represented the value of the rights inherited and the services rendered by the transferees.
 

 The uncontradicted testimony in the record shows that the community existing between Christophe Diez, Sr., and Mrs. Eugenie Guedry Diez, his first wife, owned property at the time of her death worth approximately $2000; also that the forty-four acres, which were transferred to the four children of the first marriage in settlement of the rights inherited from their mother, and the eighteen acres, which were transferred to two of the children in settlement of the amount due them for services rendered their father, were valued at from $10 to $15 an acre, or the sum of $930 at the most, which was less than the amount due to the transferees. Plaintiffs’ objection to the admission of this testimony was correctly overruled. The objection was to the introduction of parol evidence to vary, contradict or add to the stipulations of a written contract complete on its face, in the absence of fraud or error, and also to show that the transferrer intended a donation rather than a sale in a transaction purporting to be a sale. The answer to the objection is that the evidence was
 
 not offered to vary,
 
 contradict or add to the stipulations of the contract, or to show that the transfer of the property described in the act was intended to be a sale rather than a donation. The evidence was offered by the defendants for the purpose of verifying the recitals in the notarial act and to show that the transfer evidenced by the act was supported by an adequate consideration.
 

 For the reasons assigned, the judgment appealed from is affirmed.
 

 FOURNET J., absent.